**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                            Case No. Case 19-12052-AJC
**Judah M Burstyn**                                Ch 7
    Debtor
_____/

**Response to Motion to Compel Turnover**
**of Documents Doc 151**

Debtor, by and through undersigned attorney, Responds to the motion to compel, and respectfully represents the following to the court:

Debtor moves to quash the motion to compel. It lacks the two most important requirements under local practice. Local Rule 7026-1 requires:

> (E) Motions to Compel, Motions for Protective Order, Required Certification.
> (1) Motions to Compel. Except for motions grounded upon complete failure to respond to the discovery sought to be compelled, or upon assertion of general or blanket objections to discovery, motions to compel discovery in accordance with Bankruptcy Rules 7033, 7034, 7036 and 7037, shall quote verbatim each interrogatory, request for admission or request for production and the response to which objection is taken followed by: (a) the specific objections, (b) the grounds assigned for the objection (if not apparent from the objection); and (c) the reasons assigned as supporting the motion, all of which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory or request and may not be made generally.
>
> (F) Certificate of Attorney as to Motion to Compel or Motion for Protective Order. Prior to filing a motion to compel discovery or a motion for protective order pursuant to Bankruptcy Rule 7026, the attorney for the moving party shall confer with the attorney for the opposing party and shall file with the clerk at the time of filing the motion a statement certifying that the movant's attorney has conferred with the attorney for the opposing party in a good faith effort to resolve by agreement the issues raised and that the attorneys have been unable to do so. If certain of the issues have been resolved by agreement, the statement shall specify the issues so resolved and the issues remaining unresolved.

The motion at bar lacks the requirements of E and F of Local Rule 7026-1. There is no list of exactly what is lacking after documents were produced at an October 17, 2019 2004 examination. The Trustee failed to give a good faith conference with Debtor as to which items were missing to resolve any misunderstandings, and instead filed the motion at bar which does not provide a list of exactly what he is missing.

Debtor filed this voluntary petition under chapter 13 of the Bankruptcy Code on 2/15/19 and voluntarily converted it to chapter 7 April 29, 2019.

Debtor is a 70 years old cancer survivor. Since 2016, debtor went to detox and rehab. 7 times. Baker Act 2 times (his son). Marchman Act one time (his son filed it). He has high blood pressure and takes 4 medications per day. His doctor is very concerned about his low immune system. He is a perfect candidate to get the COVID-19 virus. His Doctor wants him to stay home. He needs to move from his house that Wells Fargo foreclosed. He has no income. His son lives in Snowmass Co with wife and 2 grandchildren. He wants debtor to move in with him.

Debtor has responded to all LLC's affiliated with his name. Many of the LLCs he was a manager with no financial interest . Most of the LLCs that owned single family homes were foreclosed by the bank and Debtor lost about $50,000 per house. Debtor bought them as HOA foreclosures. He was betting the Supreme Court would rule that banks have 5 years to foreclose or they lose their position. He lost that bet.

The question on the chapter 13 Form was companies that he had within last 4 years. He did not lie. LLCs we're dissolved in 2016 because debtor stopped operating in 2015.

Trustee's request is saying is that Debtor did not give him any documents before the Oct. 17 deposition. Trustee's list of documents in the motion to compel is same as the Aug 30, 2019 request. Debtor provided Trustee a list of all documents and had a folder for each item prior to the Oct 17 examination. Some folders were empty because he did not have documents for those

folders.  Debtor gave trustee all documents in his possession, custody and control. See attached exhibit evidencing cooperation.

In the examination, trustee asked about all Real Property that are listed on section A. Debtor answered all questions. If Debtor does not have closing statements and other documents, it's because he does not have them. In regards to section C (8) copies of all records, he answered all questions.  Most of the LLC's he was a MGR. He did not have any financial interest. He did not sign any checks, He did not invest.

Here are a few examples:

8(d) PROSPERABUNTUR SOUTH HOLDINGS.   A friend asked Debtor to setup an LLC for him  ( he was in a rush, was buying a condo)  Debtor setup an LLC on July 1 and on July 2 he removed debtor  as MGR. The LLC  bought a Condo.   8(d) SEABROOK. A hotel that was sold in 2005.  That's more than 6 years ago.

8 (a,b,c) That was real estate Broker.

(d,f,g,h,i,l,m,o,s,t,u) no financial interest.  Debtor was MGR.no pay no documents.

8(p.r,)  foreclosure. lost $100,000, no documents.

Before the oct 16, 2019 examination Debtor, delivered to Trustee  all documents he had in his  possession custody or control. Debtor made 12 folders for  Real Property and 21 folders for LLC's.  He attached a master list to the folders and  delivered the package to counsel for Trustee . Trustee took the examination, he had the master list  and made check marks as he was asking questions. He asked for more records and Debtor told him this was it.

Also, some entities Debtor had only a 10% interest and no documents. Debtor got divorced in 2011. His ex wife objected  to anything he did regarding entities they shared after divorce.  Her lawyer Steve Rakusin would not let debtor touch anything.

Trustee has a copy of all bank statements from Bank Of America.

Trustee was not requesting Additional documents after the deposition. He is moving to compel 9 months later. The Debtor gave him everything he had.

Trustee has additionally objected to discharge on the same grounds, Adv case 20-01229 AJC.

WE HEREBY CERTIFY that a true copy of the foregoing was served on Trustee

JOEL M. ARESTY, P.A.
Attorneys for Debtor
309 1st Ave S
Tierra Verde, FL 33715
Fax: 305-899-9889
Phone: 305-899-9876
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483

From: judah burstyn <jbprimerealty@gmail.com>
Subject: Document Request
Date: September 20, 2019 at 9:00:01 PM EDT
To: JOEL ARESTY <aresty@mac.com>, Joshua Kligler <joshua.kligler@dunnlawpa.com>

Attached is the deeds for the real estate you requested.
I don't have any financial records for the 12 addresses you requested. I will look and or provide you with people that were involved in closings. Like closing agents and lawyers. I will provide a summary of the transactions.
A) 540 w 50 street miami beach. Purchased 3/26/15 Attached is the deed when I bought house. Gibraltar bank provided the financing.  As you know house is in foreclosure.  Cheryl Julien Kaufman was my lawyer for closing. You are free to contact her for documents or the bank.
B) 20435 NE 10 Court
This was an HOA foreclosure. I got Certificate Of Title 12/16/2013. High bid was Prime Realty. A few later, The HOA wanted title to be transferred to me. High Bid was $18,200.
C)8212 NW 201 St. Miami Fl
   This was an HOA foreclosure. High Bid was $12,100. That was 3/25/14.  On 4/9/2014, I sold house to my girlfriend. She still owns house. I lived in house until July 2018. Than we broke up and she asked me to Leave. When I left, I went to Detox and

rehab facility. Many of my things got lost including financial records. I was in Rehab, baker act, put in jackson memorial mental ward. I finished the programs in early 2019.

D)3055 NW 102 path.

This was an HOA foreclosure. Prime Realty was high bid of $32,000, 5/31/13. On 9/18/13 Prime transferred the deed to Milan 3055 LLC. Milan never had a checking account. It rented the house from $2000 to $2200. I will look to get any rental income and expenses.

E)6336 Pinetree Dr.

I have knowledge of this house. I never was in this house. I have no financial interest in this house.

F)9209 Dickens Ave.

This was a House in Surfside that was sold by Nationstar. It was an REO. closed on 12/15/16. 9209 dickens llc was owned by my son Bradley Burstyn. I helped him get 90% financing. I signed on the guarantee. I have no records. It was sold to on May 15, 2017. The house needed a total rehab. So there was about $100,000 renovation money.

G) 3301 NE 183 Street init 508.

I never owned this unit.

I was renting this unit for $3000 per month. I dont have any copy of leases. I was there for 2 years. HOA may have copy of lease.

H) 1270 102 St.

I have no knowledge of this house.

I) 4101 NW 187 street

4101 NW 187 street purchased this house for $125,000 on 4/18/2014.   It was sold on 2/21/17 for $255,000.  4101 NW 187 st llc never had a checking account.

J) 935 NE 149 ST.  was purchased on 1/23/09. This was section 8 rental.  Purchase Price was $96,000. Needed total rehab. On 4/21/09 title was transferred to 935 ne 149 llc. It was sold on 11/18/16 for $265,000.    I dont think 935 NE 149 LLC had a checking account.

K) 1717  BAY SHORE DR UNIT 2954.

This was an HOA foreclosure. Prime Realty was high bid $12,700. Prime transferred the deed to Grand 2954 LLC on 3/9/11. I lived in this unit for about a year. Than I rented the unit for $3,000 per month. Last renter moved Sept, 2018. This LLC never had a checking account.

Bank foreclosed and took possession in 1/19.

L) 836 NW 12 ST

This purchased on  5/1/09 for $55,000.  House needed a total rehab.  It was sold for $255,000 on 9/9/16.

It was rented from $1500 to Maybe $1800. 836 NW 12 LLC did not have a check book.

After you review the documents, Please tell me what other docs you need. If i don't have them, I will try to see who may have them. Maybe my son Bradley.

I will send the Docs on another email.

Judah Burstyn

--
**judah burstyn**